**Akram ABUSHARAR**

v.

**Chuck HAGEL and John Kerry.**

**Case No. SACV 14–1234 AG (ANx).**

United States District Court,
C.D. California.

Signed Dec. 15, 2014.

Akram Abusharar Esq., Anaheim, CA, pro se.

Samuel M. Singer, U.S. Department of Justice, Washington, DC, for Chuck hagel and John Kerry.

## Proceedings: [IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS

ANDREW J. GUILFORD, District Judge.

Lisa Bredahl, Deputy Clerk.

This case essentially asks this Court to determine American foreign policy. The Court cannot do so. Plaintiff Akram Abusharar ("Plaintiff") filed this case against United States Secretary of State John Kerry and Secretary of Defense Chuck Hagel (together, "Defendants"), seeking to enjoin them, in their official capacities, from providing military support to Israel. (Complaint, Dkt. No. 1.) Defendants filed a Motion to Dismiss arguing that (1) Plaintiff lacks standing to bring this suit, (2) there is no private right of action under the Leahy Amendment, and (3) the claim is a nonjusticiable political question. ("Motion," Dkt. No. 7.) The Court agrees on all three points. The Motion is GRANTED.

## BACKGROUND

Plaintiff is a Palestinian–American lawyer who lives in Anaheim, California. (Compl. ¶ 3.) Plaintiff alleges that he owns a home in the Gaza Strip that was recently destroyed in a bombing by the Israeli military. (*Id.* ¶¶ 6–7.) He further alleges that the United States government provided the weapons used in the bombing. (*Id.* ¶ 7.) Finally, he alleges that his brother was killed in 1988 by the Israeli army and his father "passed away as a result of the siege in Gaza because he could not obtain the proper medical treatment in April 2014." (*Id.* ¶ 8.)

Plaintiff seeks relief under the Leahy Amendment to the Foreign Assistance Act, which states, "No assistance shall be furnished ... to any unit of the security forces of a foreign country if the Secretary of State has credible information that such unit has committed a gross violation of human rights." 22 U.S.C. § 2378d(a).

## ANALYSIS

■ The Constitution and laws of the United States create, empower, instruct, and limit the federal courts, such that the courts are not the arbiters of any and all notions of injustice in the world. Indeed, there are strict boundaries to the courts' jurisdiction. To exercise jurisdiction in this case would dishonor those boundaries.

Most importantly, Plaintiff asks the Court to exert its own judgment over a sensitive area of foreign policy. The political question doctrine bars such intervention from the start. *See Oetjen v. Central Leather Company,* 246 U.S. 297, 302, 38 S.Ct. 309, 62 L.Ed. 726 (1918) ("The conduct of the foreign relations of our government is committed by the Constitution to the executive and legislative—the 'political'—departments of the government, and the propriety of what may be done in the exercise of this political power is not subject to judicial inquiry or decision.") The decision to provide military support to a foreign nation is a quintessential political question that this Court cannot review.

■ Further, the Court finds no private right of action under the Leahy Amendment. "The judicial task is to interpret the statute ... to determine whether it displays an intent to create not just a private right but also a private remedy." *Alexander v. Sandoval,* 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). The Leahy Amendment shows no evidence of such an intent. While it clearly means to deter human rights violations, there is no language indicating that a private enforcement right exists. On the contrary, the statute is directed specifically to the executive branch, and directly empowers the secretary of state to determine when a

human rights violation occurs so that foreign aid may be halted. Thus, absent additional "rights-creating language," the Court cannot entertain a private right of action.

■ Finally, the Court agrees with Defendants that Plaintiff lacks standing in this action. To establish Article III standing, Plaintiff must show (1) injury in fact, (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). All of these elements are lacking.

## CONCLUSION

War and violence are regrettable realities of this world, and in a country that celebrates freedom and equality, choosing which nations to support is a decision of grave significance. No doubt, there are many Israelis who have suffered death and destruction in their families due to violence spewing from Gaza, and they thus argue that the Israeli actions Plaintiff attacks are justified. But these difficult questions are left to the political branches, not to the courts. If Plaintiff seeks to change foreign policy, he must prove the worthiness of his cause in the political arena.

The Motion is GRANTED. Because amending these claims would be futile, leave to amend is denied.